Lavinia St. John *v.* Mart St. John.

**Divorce.**

A divorce, a mensa et thoro, where the proof shows that though for some years her husband had been habitually drunk and had treated her cruelly, yet, within the statutory period of five years before institution of her suit, his intemperance was only occasionally and unaccompanied by maltreatment, neglect or essential waste, and had attempted a reconciliation and restitution of conjugal rights, is held to be all that the evidence justifies.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

September 14, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It seems to this court that, by the decree for alimony and a divorce *a mensa,* the appellant has obtained at least as much as the record authorized her to claim or expect. Her claim to a divorce *a vinculo* is not satisfactorily sustained; for, though for some years preceding the statutory bar of five years before the institution of her suit, the appellee seemed to have been habitually drunk and to have treated her cruelly, yet within the said period of five years it seems that his intemperance was only occasional and unaccompanied by maltreatment, neglect or essential waste; and the charge of settled aversion is repelled by the fact that, after she left him contrary to an agreement to continue this co-habitation, he urged, more than once, a reconciliation and restitution of conjugal rights and relations.

Wherefore, the judgment of the circuit court is, on her appeal, affirmed.

*Bush & Bush, for appellant.*